1  McGREGOR W. SCOTT
   United States Attorney
2  CAROLYN K. DELANEY
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2798

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:07-CR-00392 EJG |
| | ) | |
| Plaintiff, | ) | APPLICATION FOR ORDER REGARDING |
| | ) | CRIMINAL FORFEITURE OF PROPERTY |
| v. | ) | IN GOVERNMENT CUSTODY - 18 U.S.C. |
| | ) | § 983(a)(3)(B)(ii)(II) |
| STEVEN HAROLD CEBELINSKI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The United States of America, through its counsel, hereby moves for an order allowing the government to maintain custody of property already in the government's possession pending the resolution of a criminal forfeiture matter. The grounds for the motion are as follows:

On or about August 14, 2007, law enforcement officers with the Sacramento County Sheriff's Department ("SCSD") went to a residence located at 751 Central Park Drive, #432, in Roseville, California. Law enforcement officers contacted the individual residing at this address where a "Consent to Search" form was signed authorizing the officer's to search the residence. During

1

1 | their consent search, officers seized the following:
2 |     a)    $50,000 in U.S. Currency seized from 751 Central
3 |            Park Drive, #432, Roseville, California, on or about August 14, 2007.
4 | (hereinafter referred to as "seized asset").

    In accordance with 18 U.S.C. § 983(a)(1), the Drug Enforcement Administration ("DEA") is currently sending notice to all potential claimants of its intent to forfeit the seized asset in a non-judicial forfeiture proceeding, and is causing notice to be published in a newspaper of general circulation.

    Pursuant to 18 U.S.C. § 983(a)(3), the United States has 90 days in which to 1) return the property to the defendant, 2) commence a civil judicial forfeiture action, or 3) commence a criminal forfeiture action by including the seized asset in a criminal indictment.  On August 30, 2007, the government elected the third option when it filed an Indictment containing a forfeiture allegation concerning the seized asset.  That Indictment is now pending in this Court.

    Title 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the government elects the third option, it must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute".  The applicable forfeiture statute in this case is 21 U.S.C. § 853(a).  That statute prescribes several methods for preserving property for the purpose of criminal forfeiture.

    Section 853(f) authorizes the issuance of a criminal seizure warrant.  However, in cases like this one, where the property in question is already in government custody, it is not appropriate for a court to issue a seizure warrant directing the government

1 to seize property from itself.  In turn, Section 853(e)
2 authorizes the court to issue a restraining order or an
3 injunction to preserve the property for forfeiture.  However,
4 that provision is not pertinent because there is no need to
5 enjoin the government from disposing of property that the
6 government has taken into its custody for the purpose of
7 forfeiture, and that the government intends to preserve for that
8 purpose through the conclusion of the pending criminal case.
9     Finally, Section 853(e)(1) also authorizes a court to "take
10 any other action to preserve the availability of property"
11 subject to forfeiture.  The government contends that this
12 provision applies in circumstances where, as here, the government
13 has already obtained lawful custody of the seized asset pursuant
14 to a consent search, and the government seeks to comply with
15 Section 983(a)(3)(B)(ii)(II).  Thus, all that is required to
16 comply with Section 983(a)(3)(B)(ii)(II) is an order from this
17 Court stating that the United States and its agencies, including
18 DEA and/or the U.S. Marshals Service, may continue to maintain
19 custody of the seized asset until the criminal case is concluded.
20     Accordingly, pursuant to Section 853(e)(1), the United
21 States respectfully moves this Court to issue an order directing
22 that the United States may maintain custody of the seized asset
23 through the conclusion of the pending criminal case, and stating
24 ///
25 ///
26 ///
27 ///
28 ///

that such order satisfies the requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

Dated: 9/11/07                          McGREGOR W. SCOTT
                                        United States Attorney


                                         /s/ Carolyn K. Delaney
                                        CAROLYN K. DELANEY
                                        Assistant U.S. Attorney


**ORDER**

This matter comes before the Court on the motion of the United States for an Order authorizing the Government and its agencies to maintain custody of certain property pending the conclusion of the pending criminal case. For the reasons provided in the Government's motion, the Court makes the following orders:

IT IS HEREBY ORDERED, that the United States and its agencies, including the DEA and/or the U.S. Marshals Service, are authorized to maintain and preserve the following asset until the conclusion of the instant criminal case, or pending further Order of this Court:

   a)   $50,000 in U.S. Currency seized from 751 Central Park Drive, #432, Roseville, California, on or about August 14, 2007.

   IT IS SO ORDERED.

Dated: September 11, 2007               /s/ Edward J. Garcia
                                        EDWARD J. GARCIA
                                        United States District Judge